# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Elizabeth Perry, | : | |
| Plaintiff, | : | Case No. **1:21-cv-104** |
| v. | : | Judge: _____ |
| Norfleet Transportation, LLC, | : | |
| and | : | |
| Donald H. Rodgers | : | |
| and | : | |
| Quentin D. Campbell | : | |
| Defendants. | : | |

**DEFENDANTS NORFLEET TRANSPORTATION, LLC, DONALD H. RODGERS AND QUENTIN D. CAMPBELL'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332(a) (DIVERSITY OF CITIZENSHIP)**

TO: THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendants Norfleet Transportation, LLC, Donald H. Rodgers and Quentin D. Campbell (hereinafter "Defendants") hereby remove the above-referenced action filed by Elizabeth Perry ("Plaintiff") from the Court of Common Pleas of Cuyahoga County, Ohio, Case No. CV-20-931207, to the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§ 1332 and 1441(b), asserting original federal jurisdiction. Pursuant to 28 U.S.C. § 1446(a), Defendants set forth the following "short and plain statement of the grounds for removal."

I. **PLEADINGS AND PROCEEDINGS TO DATE**

On March 19, 2020, Plaintiff filed her Complaint (the "Complaint") in the Common Pleas Court of Cuyahoga County, Ohio, Case No. CV-20-931207 (the "State Court Action"). Plaintiff's Complaint named as Defendants Norfleet Transportation, LLC, Donald H. Rodgers, and Quentin D. Campbell. The Complaint alleged Plaintiff suffered injuries to her neck, including a herniated disk, and other injuries arising from an automobile accident that occurred on March 21, 2018 when a semi-tractor trailer ran into the rear of Plaintiff's vehicle on Interstate 480 West. (A copy of Plaintiff's Complaint is attached hereto as Exhibit A).

On May 15, 2020, Defendants filed their Answer to the Complaint and asserted the affirmative defenses of lack of service and/or lack of service of process, among other defenses. (A copy of Defendant's Answer is attached hereto as Exhibit B). Plaintiff completed service upon Defendants Rodgers and Campbell on April 16, 2020 and March 27, 2020, respectively. (See copy of State Court Action docket regarding service, attached hereto as Exhibit C). Plaintiff did not perfect service upon Norfleet Transportation, LLC until September 14, 2020. *Id.* The parties have been engaged in discovery, including interrogatories and requests for production of documents served by Defendants upon Plaintiff and including the deposition of Plaintiff. On December 28, 2020, Plaintiff produced an independent medical examination report which revealed to Defendants for the first time solid and unambiguous information that Plaintiff's claim meets the $75,000.00 minimal jurisdictional limit, and therefore, is removable. In light of this, and given that complete diversity exists between the parties, Defendants filed this Notice of Removal.

A copy of the State Court Action's docket reflecting all process, other pleadings, orders served upon the parties, and all other filings in the State Court Action is attached hereto as Exhibit D. See 28 U.S.C. § 1446(a).

## II.  DIVERSITY JURISDICTION

A.  **Standards for Removal Under 28 U.S.C. § 1332 (a)**.

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States[.]"

For diversity purposes, state citizenship "is equated with domicile." *Von Dunser v. Aronoff,* 915 F.2d 1071, 1072 (6th Cir.1990). An individual's domicile is the place where the individual both resides and intends to remain. *See id.* A corporation is deemed to be a citizen "of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

Regarding the amount in controversy, when a plaintiff's complaint fails to contain a good-faith demand for monetary relief of a stated sum, the defendant's notice of removal may state the amount in controversy, although the notice need not contain evidentiary submissions. *See Dart Cherokee Basin Operating Co. v. Owens,* 135 S. Ct. 547, 551 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)).

B.  **Removal is Proper Because Diversity Jurisdiction Exists**.

Removal to this Court is proper because this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**1.     This Action is Between Citizens of Different States.**

As of the time this case is being removed to this Court, there is complete diversity of citizenship between Plaintiff and the three Defendants. Plaintiff, Elizabeth Perry, at all times material, was and is a citizen of the State of Ohio. Further, medical records produced by Plaintiff show that the medical treatments she received from the injuries she claims in this case occurred in Ohio. Accordingly, Plaintiff's domicile, and thus her state of citizenship, is Ohio, because that is the state where she resides and where she intends to remain. See *Von Dunser*, 915 F.2d at 1072.

Pursuant to 28 U.S.C. § 1332(c)(1), Defendant Norfleet Transportation, LLC, at all times material, was and is a citizen of the State of California, where it is incorporated and where its principal place of business is located. Defendant Donald H. Rodgers was and is a citizen and resident of the State of North Carolina. Defendant Quentin D. Campbell was and is a citizen and resident of the State of New Jersey. Thus, it is clear that there is complete diversity of citizenship between Plaintiff and Defendants.

**2.     The Amount in Controversy in this Action Exceeds $75,000.00.**

In light of the fact that Plaintiff has made a settlement demand of $1,000,000.00 (which will be addressed infra), it is unlikely that she will dispute that the amount in controversy in this case exceeds $75,000.00, thus meeting § 1332(a)'s amount-in-controversy requirement.

### III.     TIMELINESS OF REMOVAL

As provided in 28 U.S.C. § 1446(b)(1), the notice of removal of a civil action generally "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which

such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(3) states that, "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The statutes governing removal "are strictly construed so that § 1446(b) commences the 30-day period from the date a defendant has solid and unambiguous information that a case is removable." *State Farm Mut. Auto Ins. Co. v. Vanhoet*, No. 3:16-cv-00253, 2016 WL 5868088 (W.D. Ky. Oct. 5, 2016), *2, quoting *Mozee v. Dugger*, 616 F. Supp. 2d 672, 673 (W.D. Ky. 2009). A defendant must come forward with "competent proof showing that the amount-in-controversy requirement is satisfied as speculation is not sufficient to meet this burden." *Jacina v. Wal-Mart, Inc.,* No. 5:19-238-DCR, 2019 WL 3080755, at *1 (E.D. Ky. July 15, 2019), quoting *Thompson v. Circle K Midwest, LLC,* No. 5:09-341-JMH, 2011 WL 675486 at *1 (E.D. Ky. Feb. 16, 2011) (citing *King v. Household Fin. Corp.,* II) 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009)). To carry this burden, a defendant "must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Shupe v. Asplundh Tree Expert Co.,* 566 F. App'x. 476, 478 (6th Cir. 2014); *Magnum Asset Acquisition, LLC v. Green Energy Technologies, LLC,* No. 5:19-cv-2930, 2020 WL 377699, at *2 (N.D. Ohio 01/23/2020). The 30-day period in § 1446(b) starts only when the defendant has "solid and unambiguous information that the case is removable." *Berera v. Meza Medical Group, PLLC,* 779 F. 3d.

5

352, 364 (6th Cir. 2015)(quoting *Holston v. Carolina Freight Carriers Corp.,* No. 90-1358, 1991 WL 112809, at *3 (6th Cir. June 26,1991); *Havens v. Red Robin International*, *Inc.,* No. 1:19-cv-1135, 2019 WL 3412716, at *1 (N.D. Ohio 07/29/2019).

Although the State Court Action was filed on March 19, 2020, the case stated in Plaintiff's Complaint was not removable.  It was not until December 28, 2020, when Plaintiff provided Defendants' counsel with an independent medical report of D. Philip Stickney, M.D., an orthopedic surgeon, that the Defendants first received documentation, i.e. solid and unambiguous information and competent proof, that this case was removable under 28 U.S.C. § 1446(b).

Plaintiff's Complaint alleged that, as a result of the subject accident, she sustained injuries to her neck including a herniated cervical disk and "other injuries" and further alleged that these injuries were long lasting and/or permanent and resulted in serious pain, suffering, discomfort and disability and would cause her to incur future medical bills, and future lost income, including a loss of earning capacity.  The statement in the prayer for relief in Plaintiff's Complaint sought compensatory damages in excess of $25,000.00, as required by Ohio Civ. R. 8(A).  Based on the Plaintiff's Complaint, it could not be determined whether the amount in controversy actually exceeded $75,000.00.  Defendants attempted to obtain the necessary information from Plaintiff through interrogatories and requests for production of documents and taking her deposition.

Defendants served their first set of Interrogatories and Request for Production of Documents upon Plaintiff on May 15, 2020.  On July 20, 2020, Plaintiff responded to that written discovery.  Several of the Interrogatories asked Plaintiff, now age 25, to specify her alleged injuries and damages.  For example, Interrogatory number 4 asked Plaintiff to

6

describe her injuries alleged to have been sustained in the subject accident. In response, Plaintiff stated that she "sustained injuries to my neck, pain by my left shoulder blade and injuries to my back, including a herniated disk. See enclosed medical records for more detailed information. . . ." See Plaintiff's Answers and Responses to Defendants' First Set of Interrogatories and Request for Production of Documents, attached as Exhibit E, at pages 3-4. In response to Interrogatory number 5, which requested Plaintiff to identify the name of medical providers with whom she had treated as a result of the accident, Plaintiff responded:

> "I treated with the following hospitals/medical facilities/physicians: UH Parma Medical Center Emergency room - Emergency room physicians and radiology physicians regarding same
> Dr. Ankit Maheshwari / UH Westlake
> Dr. Rishi Goel / University Hospitals
> North Royalton YMCA."

*Id.,* at page 4.

If Plaintiff was claiming she was not fully recovered, she was asked to then state what current complaints or injury she is still suffering from. She stated:

> "The pain in my left shoulder flares up almost every month which makes it uncomfortable to sleep. Long car rides are still uncomfortable. I still have anger and anxiety at what happened, the driver fleeing the scene and my future medical condition due to the herniated disc."

*Id.,* Answer to Interrogatory No. 7, at page 5

In terms of her employment and any lost time from work as a result of the accident, Plaintiff stated that she was and is employed by Overdrive Espresso as a service manager/technician of the Cleveland market and that she only missed one day from work as a result of the accident that occurred on March 21, 2018. *Id.,* response to Interrogatory Nos. 9-10, at page 6. In terms of medical bills, "Plaintiff's Medical Treatment and Damages Audit" reflected

that Plaintiff was seen in the emergency room at Parma Medical Center three days after the accident, had an office visit with a Dr. Maheshwari on 04/09/18, an office visit with a Dr. Goel on 04/18/18, and received physical therapy treatment between 04/16/18 and 05/09/18. (See attached Medical Treatment and Damages Audit, attached as Exhibit F). Plaintiff's medical bills total $8,901.00. (*Id*). At her deposition, Plaintiff confirmed that she has received no further medical treatment since she completed her physical therapy in May 9, 2018. (See Plaintiff's Depo. Tran., pg. 61, attached hereto as Exhibit G). Plaintiff further confirmed that she has not needed or taken any medication for any injuries related to the accident since that time. *(Id.)* Plaintiff further confirmed that she has been asymptomatic with respect to her herniated disk(s) and that she will only have an occasional flare up of achiness in her shoulder blades from a sprain/strain in that area. (*Id.,* pages 61-62). In addition, Plaintiff has no scheduled doctor appointments related to her injuries. *(Id.)* As the service manager and equipment technician for Overdrive Espresso, Plaintiff works fifty (50) hours a week and drives every day in her Northeast Ohio territory. *(Id*, pgs 18 - 24*.)*

Prior to Plaintiff's deposition, Plaintiff's counsel made a settlement demand of one million dollars ($1,000.000.00). (See attached email of 09/15/20, Exhibit H). However, the amount demanded in settlement letters do not control the amount in controversy determination. *Wilcox v. Cedar Point, Inc.,* No. 3:12-cv-2103, 2013 WL 4460144 (N.D. Ohio, Jan. 3, 2013, at \*2). See *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 949 (E.D. Ky. 2010)(stating that "initial settlement demand is not determinative of the amount in controversy"); *Smith v. Phillips & Jordan, Inc.,* 2011 WL 250435, \*2 (E.D. Ky. 2011)(stating that a settlement letter is not dispositive because there are two equally plausible ways to view a settlement demand: a party may request more or less than the case is actually worth). In *May,* the court noted that although

a settlement demand letter is *some* evidence that plaintiff seeks more than $75,000.00 in damages, it does not establish that it is "more likely than not" that the amount in controversy exceeds $75,000.00, citing *Everett v. Verizon Wireless, Inc.,* 460 F. 3d. 818, 822 (6th Cir. 2006). The *May* court further stated, "high-balling the initial settlement demand is Negotiation 101." *May,* 751 F. Supp. 2d. at page 949. In *Smith,* the court stated that, "the amount that a party demands to settle a case is not especially strong evidence of the amount in controversy . . . the demand might be significantly more than the case is actually worth." 2011 WL 250435, at *2. In *Wilcox,* Judge Carr of the Northern District of Ohio agreed stating, "I decline to treat the amount requested in the settlement demand as dispositive." 2013 WL 4460144, at *3. See also *Riga v. Allstate Automobile Ins. Co.,* No. 6:11-cv-2006, 2012 WL 570119, at *6 (M.D. Fla. Feb. 22, 2012); *Whitehead v. Dollar Tree Stores, Inc.,* No. 5, 16-cv-158, 2016-WL-4197582, at *3, (E.D. Ky. 8/8/2016).

It was not until December 28, 2020 that Defendants received solid and unambiguous information that it is more likely than not that the amount in controversy exceeds $75,000.00. Plaintiff produced her medical expert's report wherein Dr. Stickney opined that while "no arthritic changes were seen on the recent MRI, however, these herniations have had sufficient time to resorb and heal and have now become chronic and permanent over twenty four months since the injury . . . the herniations at C3-4 and C6-7 are now considered permanent and substantial . . . and in time will produce degenerative changes." (See Dr. Stickney's IME Report, Exhibit I, at page 4). Dr. Stickney further opined that, " it is reasonable to conclude that in time, she will not only experience an aggravation in symptoms but as the above-mentioned degeneration progresses, the intensity or frequency will likely progress." (*Id.*, at pg. 5). Dr. Stickney's opinions regarding what the future may hold for Plaintiff now provides "solid and

unambiguous information that the case is removable." *Berera,* supra; *Havens,* supra. Accordingly, Defendants have timely removed this case in accordance with 28 U.S.C. § 1446(b)(3).

### IV. VENUE

Venue lies in the United States District Court for the Northern District of Ohio, Eastern Division, pursuant to 28 U.S.C. §§ 1441(a) and 115(a)(1). This action originally was brought in the Court of Common Pleas of Cuyahoga County, Ohio, which is located within the Northern District of Ohio, Eastern Division.

### V. NOTICE OF REMOVAL

A true and correct copy of this Notice of Removal will be concurrently served on Plaintiff and filed with the Clerk of Court for the Court of Common Pleas of Cuyahoga County, Ohio, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Norfleet Transportation, LCC, Donald H. Rodgers and Quentin D. Campbell pray that the above action pending before the Court of Common Pleas of Cuyahoga County, Ohio be removed to the United States District Court for the Northern District of Ohio, Eastern Division.

Respectfully submitted,

*/s/ Daniel J. Hurley*
Daniel J. Hurley (0034499)
**PLUNKETT COONEY**
300 East Broad Street, Suite 590
Columbus, Ohio 43215
Tel: (614) 629-3005
Fax: (614) 629-3019
Email: dhurley@plunkettcooney.com
*Defendants Norfleet Transportation, LLC,*
*Donald H. Rogers and Quentin D. Campbell*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was electronically filed with the court on this **14th day of January, 2021.** A copy will be served via electronic mail upon the following counsel of record:

Joseph A. Condeni, Esq.
Condeni Law LLC
joe@condenilaw.com
*Attorney for Plaintiff*

                                 */s/ Daniel J. Hurley*
                                 Daniel J. Hurley, Esq. (0034499)
                                 PLUNKETT COONEY

Open.25822.02012.25618972-1