IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **ELIZABETH PERRY**<br>10581 Ridge Road<br>North Royalton, OH 44133<br><br>*Plaintiff,*<br><br>vs.<br><br>**NORFLEET TRANSPORTATION, LLC**<br>c/o Leonard Jackson<br>   Registered Agent<br>28005 Smyth Drive<br>Santa Clara, CA 91355<br><br>*and*<br><br>**DONALD H. RODGERS**<br>28005 Smyth Drive<br>Santa Clara, CA 91355<br><br>*and*<br><br>**QUENTIN D. CAMPBELL**<br>9 Cypress Street<br>Newark, NJ 07108<br><br>*Defendants.* | CASE NO.: CV-20-931207<br><br>JUDGE: Hollie L. Gallagher<br><br>**COMPLAINT**<br><br>(JURY DEMAND ENDORSED HEREON) |

NOW COMES the Plaintiff, Elizabeth Perry, by and through counsel, and for her Complaint against the Defendants states as follows:

**OVERVIEW**

On March 21, 2018, a Norfleet Transportation, LLC semi-tractor trailer ran into the rear of Plaintiff's vehicle on Interstate 480 West. The driver of the semi-tractor trailer then fled the



scene of the collision. Plaintiff, then 22 years old, suffered, amongst other injuries, a herniated cervical disc.

## PARTIES

1. Elizabeth Perry ("Elizabeth") is and was a citizen of the State of Ohio, residing in Cuyahoga County.

2. Defendant Norfleet Transportation, LLC ("Norfleet") is a commercial motor carrier of property operating motor vehicles in interstate commerce. Norfleet is registered with the Federal Motor Carrier Safety Administration with a US DOT number of 926113. Norfleet is a business entity organized and existing under the laws of the State of California with its principal place of business in Santa Clara, California. Upon information and belief, Norfleet conducts business in the State of Ohio. Norfleet Transportation, LLC has designated Leonard Jackson, with a mailing address of 28005 Smyth Drive Santa Clara, CA 91355 as its agent for the purposes of service of process of this complaint consistent with 49 C.F.R. §366.

3. At all times relevant herein, Defendant Donald H. Rodgers ("Rodgers") owned the semi-tractor trailer involved in the collision giving rise to Plaintiff's complaint and has his principal place of business at 28005 Smyth Drive Santa Clara, CA 91355.

4. Defendant Quentin D. Campbell ("Campbell") was the driver of the subject semi-tractor trailer and his principal place of residence is 9 Cypress Street Newark, NJ 07108.

## JURISDICTION and VENUE

5. This Court has subject matter jurisdiction based upon Ohio Rev. Code § 2305.01 as well as personal jurisdiction over the Defendants based upon Ohio Rev. Code § 2307.382.

6. A substantial part of the events or omissions giving rise to Plaintiff's claims including the subject collision took place in Cuyahoga County, Ohio. Therefore, Cuyahoga County is the proper venue in accordance with Ohio Civ. R. 3(B)(3).

### FIRST CAUSE OF ACTION
### (Negligence and Recklessness of Defendant Quentin D. Campbell)

7. On March 21, 2018 Elizabeth was lawfully operating a motor vehicle westbound along Interstate 480, near the ramp to Interstate 77 southbound, in Cuyahoga County, Ohio.

8. At that same time and place, Campbell was operating a Freightliner semi-tractor trailer westbound along Interstate 480, near the ramp to Interstate 77 southbound, in Cuyahoga County, Ohio.

9. Campbell had a duty to drive the semi-tractor trailer in a safe, reasonable and undistracted manner, to obey all traffic laws, obey all traffic devices, obey all applicable Federal Motor Carrier Safety Regulations ("FMCSR"), to maintain an assured clear distance ahead of motor vehicles in front of him, including the vehicle driven by Elizabeth, and to remain at the scene of the collision.

10. On March 21, 2018 Campbell negligently and in reckless disregard for the rights and safety of others operated the semi-tractor trailer, which negligence and recklessness directly and proximately caused his vehicle to collide into the rear of Elizabeth's vehicle and Campbell failed in the above-mentioned duties and is therefore negligent.

11. Defendant Campbell's actions at the time of the collision and immediately after the collision with Elizabeth demonstrate a conscious disregard for the rights and safety of Elizabeth and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of his conduct and knowing there was a great probability of

causing substantial harm, specifically including, but not limited to, driving while distracted and fleeing the scene of a collision.

12. As a direct and proximate result of the negligence and recklessness of Campbell, Elizabeth sustained long-lasting and/or permanent personal injuries, including, without limitation: injuries to her neck where she sustained a herniated cervical disc and other injuries; all of which resulted in serious pain, suffering, discomfort, and disability.

13. As a further direct and proximate result of the negligence and recklessness of Campbell, Elizabeth has incurred medical expenses for the evaluation, diagnosis, care and treatment of her injuries to date and will continue to incur medical expenses for the evaluation, care and treatment of her injuries in the future.

14. As a further direct and proximate result of the negligence and recklessness of Campbell, Elizabeth has incurred and will continue to incur past and future lost income including a loss of earning capacity.

15. As a further direct and proximate result of the negligence and recklessness of Campbell, Elizabeth has suffered and will suffer in the future: a) a loss in the enjoyment of her life and in her ability to live free of pain, b) discomfort and disability, c) a loss of her ability to perform her usual functions including those involved with daily activities as well as those activities from which she derives income, pleasure and enjoyment.

16. Elizabeth believes that some or all of her injuries, damages and losses stated herein are permanent, chronic, and/or long lasting and will continue into the indefinite future.

## SECOND CAUSE OF ACTION
### (Statutory Violations of Defendant Quentin D. Campbell)

17. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 16 of this Complaint as if fully rewritten herein.

18. Defendant Campbell violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399, O.A.C. 4901:2-5-02 through 4901:2-5-08, and Ohio Rev. Code § 4511.21(A) and § 4549.02.

19. Defendant Campbell is negligent *per se* based on these statutory and regulatory violations.

20. Defendant Campbell's statutory violations were the direct and proximate cause of Elizabeth's injuries and the damages as alleged in paragraphs 12 through 16 of this Complaint.

## THIRD CAUSE OF ACTION
### (Vicarious Liability of Defendant Norfleet Transportation, LLC)

21. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 20 of this Complaint as if fully rewritten herein.

22. At all relevant times, Defendant Campbell was the employee, agent, servant, or independent contractor for Defendant Norfleet. Accordingly, Defendant Norfleet is vicariously liable for the acts of Defendant Campbell described in the First and Second Causes of Action.

23. Regardless of the employment or agency relationship, Defendant Norfleet is an interstate motor carrier responsible for Campbell's acts as the Defendant driver.

## FOURTH CAUSE OF ACTION
### (Strict Liability of Defendant Norfleet Transportation, LLC)

24. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 23 of this Complaint as if fully rewritten herein.

25. Defendant Norfleet is the registered owner of the US DOT number 926113 displayed on the semi-tractor trailer involved in this collision and is therefore responsible for the acts of Defendant Campbell.

## FIFTH CAUSE OF ACTION
### (Negligence and Recklessness of Defendant Norfleet Transportation, LLC)

26. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 25 of this Complaint as if fully rewritten herein.

27. Defendant Norfleet had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Campbell, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

28. Defendant Norfleet had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent and qualified drivers.

29. Defendant Norfleet failed in the above-mentioned duties and was therefore negligent.

30. Defendant Norfleet's negligence was to such of a degree as to demonstrate a conscious disregard for the rights and safety of Elizabeth and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm, specifically including, but not limited to, failing to adopt or effectively implement procedures for drivers to follow when they have been in a collision and to not flee the scene of a collision.

31. Defendant Norfleet's negligence and reckless indifference was the direct and proximate cause of Elizabeth's injuries and the damages as alleged in paragraphs 12 through 16 of this Complaint.

## SIXTH CAUSE OF ACTION
### (Statutory Violations of Defendant of Defendant Norfleet Transportation, LLC)

32. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 31 of this Complaint as if fully rewritten herein.

33. Defendant Norfleet violated state and federal statutes and regulations, including but not limited to 49 C.F.R. §§ 350-399 and O.A.C. 4901:2-5-02 through 4901:2-5-08. These regulations were promulgated to protect the safety of a class of people that includes Elizabeth.

34. Defendant Norfleet is negligent *per se* based on these statutory and regulatory violations.

35. Defendant Norfleet's violation of state and federal statutes and regulations demonstrate a conscious disregard for the rights and safety of Elizabeth and the rest of the motoring public, acting with reckless indifference to the consequences to others despite being aware of its conduct and knowing there was a great probability of causing substantial harm, specifically including, but not limited to, failing to adopt or effectively implement procedures for drivers to follow when they have been in a collision and to not flee the scene of a collision.

36. Defendant Norfleet's statutory violations and reckless indifference were the direct and proximate cause of Elizabeth's injuries and the damages as alleged in paragraphs 12 through 16 of this Complaint.

## SEVENTH CAUSE OF ACTION
### (Negligence and Recklessness of Defendant Donald H. Rodgers)

37. Plaintiff restates and incorporates the allegations set forth in paragraphs 1 through 36 of this Complaint as if fully rewritten herein.

38. Defendant Rodgers had a duty to exercise reasonable care in entrusting his vehicles and equipment to responsible, competent and qualified drivers.

39. Defendant Rodgers negligence includes, but is not limited to, negligently entrusting the Freightliner semi-tractor trailer to Defendant Campbell, failing to adequately instruct, train, supervise Campbell, failing to have adequate policies and procedures for the safe operation of his vehicle to Defendant Campbell and Defendant Rodgers was otherwise negligent.

40. Defendant Rodgers' negligence was the direct and proximate cause of Elizabeth's injuries and the damages as alleged in paragraphs 12 through 16 of this Complaint.

**WHEREFORE**, Plaintiff respectfully requests judgment in her favor and against all Defendants, on each cause of action, in an amount that is just and fair and in excess of Twenty-five Thousand dollars ($25,000.00) along with punitive damages, attorney fees, costs and other relief that this Honorable Court deems just under the circumstances.

Respectfully submitted,

*/s/ JOSEPH A. CONDENI*
Joseph A. Condeni (0030275)
*CONDENI LAW LLC*
600 E. Granger Rd., Second Floor
Cleveland, Ohio 44131
(216) 771-1760
Fax: (216) 771-3387
joe@condenilaw.com

Attorney for Plaintiff Elizabeth Perry

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

*/s/ JOSEPH A. CONDENI*
Joseph A. Condeni (0030275)
Attorney for Plaintiff Elizabeth Perry